# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>CLEARWATER PAPER CORPORATION,<br><br>Defendant. | Case No. 3:13-CV-00461-BLW<br><br>MEMORANDUM DECISION AND ORDER |

This is a whistleblower case brought under Section 11(c) of the Occupational Safety and Health Act of 1970 ("Section 11(c)"). The Government alleges that Clearwater retaliated against the complainant Anthony Tenny, who worked for Clearwater as a saw filer in a sawmill located in Lewiston Idaho. They claim that Clearwater terminated Tenny because he complained that red cedar dust at the mill presented health, combustibility, and operational hazards.

Specifically, the Government contends that Tenny complained to Clearwater in April and May 2010 about excessive sawdust in the air at mill, and then contacted OSHA regarding his concerns in May 2010, which prompted OSHA to conduct an inspection of

the sawmill facility on May 28, 2010. In retaliation for engaging in this protected activity, the Government alleges, Tenny was suspended (and drug tested) on June 21, 2010, and terminated on June 25, 2010.

The Government brought this enforcement action as a result of OSHA's investigation. In discovery, the Government made requests for production; those requests and the Defendant's answers included the following:

"**Request for Production No. 6**: Please provide records sufficient to show every occasion cedar was cut or processed at the Sawmill between January 1, 2010 and July 1, 2010."

"**Response**: Defendant objects to Request No. 6 on the grounds that it calls for production of documents that are not relevant or material to any issue in this action nor reasonably calculated to lead to the discovery of admissible evidence."

"**Request for Production No. 13**: Please provide records relating to every malfunction, all maintenance, all repair, and any replacement of the ventilation control for dust or exhaust system in the Lewiston Sawmill between January 2009 and November 2011."

"**Response**: Defendant objects to Request No. 12 insofar as it is not reasonably limited with respect to time, on the grounds said request is overly broad." "Defendant further objects to Request No. 12 on the grounds that it calls for the production of documents that are not relevant or material to any issue in this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without

MEMORANDUM DECISION AND ORDER - 2

waiving the foregoing objections, Defendant agrees to produce documents responsive to Request No. 13."

After the parties failed to resolve their current discovery disputes through the meet and confer process and an informal mediation with the Court, the parties filed simultaneous opening briefs. At issue here is whether the requested documents are relevant to the Government's whistleblower claim.

## LEGAL STANDARD

The Court may order the "discovery of any matter relevant to the subject matter involved in the action." Fed .R.Civ.P. 26(b)(1). Relevant evidence is any evidence tending to make the existence of any consequential fact "more probable or less probable than it would be without the evidence." Federal Rule of Evidence 401. Although viewed in light of Rule 401, "the question of relevancy is to be more loosely construed at the discovery stage than at the trial...." See 8 Wright, Miller, and Marcus, Federal Practice & Procedure, § 2008 at p. 125 (2010). That the evidence might be inadmissible does not preclude discovery so long as the request "appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R. Civ.P. 26(b)(1).

## ANALYSIS

The Government cites several reasons in support of its argument that the sawmill maintenance records are relevant. First, the Government maintains that, although Clearwater has stipulated that an employee complaining about dust *could* constitute protected activity, it specifically denies that Tenny complained to Clearwater regarding

MEMORANDUM DECISION AND ORDER - 3

the dust (and has not stipulated or otherwise admitted that Tenny made a safety and health complaint to OSHA). Clearwater also apparently denies that it believed Tenny engaged in protected activity. To prove its case, the Government must show that Tenny *actually* participated in protected activity, or Clearwater believed he did. The Government reasons that a factfinder may be more inclined to believe that Tenny complained to his supervisor about dust if the Government can show that dangerous levels of dust were actually present at the sawmill.

Second, the Government argues that the requested documents are relevant to Clearwater's anticipated defense that its status as a V.P.P. facility shows an aggressive approach to safety and a welcoming or neutral environment toward safety complaints. The Government seeks the maintenance records because it believes the records will show that Clearwater was lax about safety. Such evidence, the Government argues, would tend to refute Clearwater's anticipated assertions that it cared about safety and therefore would not have retaliated against Tenny for reporting safety concerns.

Finally, Clearwater apparently intends to argue that Tenny blew small things out of proportion, made exaggerated claims, and made the complaint to OSHA in the context of a campaign to undermine the mill's management. The Government expects the requested records to show that Mr. Tenny's safety complaint was not exaggerated or meant for any improper purpose, but that it, in fact, was based on a serious safety concern. Therefore, according to the Government, the requested records are relevant to refute any claim to the contrary.

MEMORANDUM DECISION AND ORDER - 4

The Court agrees that requested records may be relevant to the claims and defenses in this matter. It will therefore order Clearwater's 30(b)(6) deponent to answer the following category of questions, to which Clearwater objected because it said the underlying documents were not relevant:

> a. Policies and practices concerning the use, retention, deletion, storage, and destruction of production records including those pertaining to the fulfillment of orders from customers, production of cut wood products, and what work was completed on a daily basis at the saw mill;
>
> b. Policies and practices concerning the retention, deletion, storage, and destruction of saw mill equipment maintenance schedules, sawmill equipment maintenance records, and requests for maintenance and or repair of sawmill equipment.

If Clearwater continues to refuse to produce the underlying documents because their production would be too burdensome, the parties may again contact Court staff to set up a briefing schedule on the issue of whether the probative value of the requested documents outweighs the potential burden to Clearwater to produce the information.

**IT IS SO ORDERED.**

DATED: January 15, 2015

_____
B. Lynn Winmill
Chief Judge
United States District Court