# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CLEARWATER PAPER CORPORATION,<br><br>　　　　Defendant. | Case No. 3:13-CV-00461-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## BACKGROUND

This is a whistleblower case brought under Section 11(c) of the Occupational Safety and Health Act of 1970 ("Section 11(c)") by the Secretary of Labor against the Clearwater Paper Corporation. Clearwater owns and operates a saw mill located in Lewiston, Idaho. The government alleges that Clearwater retaliated against Anthony Tenny, the Complainant and a former saw mill employee, because Tenny complained that red cedar dust at the mill presented health, combustibility, and operational hazards.

On January 22, 2015, after providing notice and allowing the government to object, Clearwater served Tenny in this matter with a Subpoena Duces Tecum ("January Subpoena") demanding two categories of documents:

1. All Documents and/or ESI related to communications and/or correspondence by and between Strindberg Scholnick, including, but not limited to, Erika Birch, and the U.S. Department of Labor, including, but not limited to, Donna F. Bond, pertaining to the subject lawsuit or matters underlying the litigation herein, through the present.

2. All Documents and/or ESI related to communications and/or correspondence by and between Strindberg Scholnick, including, but not limited to, Erika Birch, and anyone outside of Strindberg Scholnick related to this Lawsuit, excluding any privileged communications with Anthony Tenny.

*January Subpoena*, Attachment 7 to Bond Decl., Dkt. 25-7.

The government moves to quash the subpoena, arguing that (1) the subpoena is untimely, and (2) the information sought is protected by the common-interest privilege.

## ANALYSIS

1. **Timeliness**

The Court will quash Clearwater's subpoena for a number of reasons. First, it is untimely. "Case law establishes that subpoenas under Rule 45 are discovery, and must be utilized within the time period permitted for discovery in a case." *Integra Lifesciences I, Ltd. v. Merck KGaA*, 190 F.R.D. 556, 561 (S.D. Cal. 1999) (Third party subpoena for documents served after the discovery cut-off was improper attempt to circumvent court's deadline). The discovery deadline expired on January 2, 2015; Clearwater issued this subpoena two weeks after the deadline, on January 22, 2015. Thus, Clearwater failed to

issue the subpoena within the discovery timeline, and it is therefore untimely and must be quashed.

Clearwater argues that "this argument is nonsensical given that the parties are still engaged in discovery even though discovery technically closed January 2, 2015." *Def's Opening Br.* at 4, Dkt. 24. But the government agreed – at Clearwater's request – to extend discovery for purposes of the 30(b)(6) deposition of Clearwater *only* because Clearwater was not available for any of the dates the government proposed within the discovery period for the 30(b)(6) deposition. *Bond Decl.* ¶ 13, Dkt. 25-1. At no time did any party propose taking any deposition or initiating any discovery other than the government's proposed 30(b)(6) of Clearwater outside of the discovery period. *Id.* ¶ 11. The government should not be penalized for acceding to Clearwater's request to extend the discovery period for purposes of the 30(b)(6) deposition.

### 2. Common-Interest Privilege

Even if the subpoena had been issued before the discovery deadline, the Court finds that the common-interest privilege applies – at least with respect to the communications among the Department of Labor legal staff, Tenny, and his retained attorney.

The common interest privilege, or joint defense privilege, is an extension of the attorney client privilege and the work product doctrine. *U.S. v. Gonzalez*, 669 F.3d 974, 978 (9th Cir. 2012). The privilege applies if "(1) the communication is made by separate parties in the course of a matter of common [legal] interest; (2) the communication is designed to further that effort; and (3) the privilege has not been waived." *Nidec Corp. v.*

*Victor Co. of Japan*, 249 F.R.D. 575, 578 (N.D.Cal. 2007). Courts have held that the privilege extends not only to cooperating defendants but also cooperating plaintiffs. *U.S. ex rel. Burroughs v. DeNardi Corp.*, 167 F.R.D. 680, 685–686 (S.D.Cal.1996) (holding that the relator and the government "are essentially the same party" and can assert a "joint prosecution privilege" to avoid a waiver of work product immunity).

Whether the jointly interested persons are defendants or plaintiffs and whether the litigation is civil or criminal, the overarching principle that governs these privileges remains the same: protecting attorney-client correspondence on matters of common interest and protecting attorneys' preparations for trial and encouraging the fullest preparation without fear of access by adversaries *In re Grand Jury Subpoenas, 89-3 and 89-4, John Doe 89-129*, 902 F.2d 244, 249 (4th Cir. 1990). "[P]ersons who share a common interest in litigation should be able to communicate with their respective attorneys and with each other to more effectively prosecute or defend their claims. *Id.*

A common interest exists between the government and Tenny. Indeed, their interests are nearly identical. Section 11(c) of the Occupational Safety and Health Act gives the Secretary of Labor sole enforcement authority in a retaliation case. There is no private right of action. 29 U.S.C. § 660(c)(2). Congress has provided for the enforcement of the Act through government suits based on individual claims. The government cannot achieve this purpose without the aid and cooperation of a complainant who is given the same opportunity to engage in confidential communications with the government attorney litigating the case as they would with a retained private attorney. Thus, the Court

finds that the communications between the government attorneys in this case and Tenny (either directly or through his retained attorney) are protected by the common interest privilege.

With regard to Clearwater's claim that Tenny waived the attorney-client privilege, the Court finds that Clearwater has failed to show a sufficient basis in this case to support the claim of waiver.

## ORDER

IT IS ORDERED that Plaintiff Thomas E. Perez's Motion to Quash Subpoena (Dkt. 25) is GRANTED.

DATED: February 17, 2015

B. Lynn Winmill
Chief Judge
United States District Court